Reese, J.,
delivered the opinion of the court.
The 6th section of the act of 1824, c 22, provides, 6‘that it shall not be lawful for any person to enter any land on Which another resides, or which is cultivated by another, until such person shall have given in writing at least thirty days previous notice to the person residing on or cultivating said land, of his intention to enter the same; and any entry made 'or grant obtained contrary to the provisions of this section, shall be utterly void inlaw and equity.”
The question raised upon the record before ús is, whether the section above quoted, renders void an entry and grant so far only as they may effect the land actually resided upon or cultivated by another, or whether the entire grant and entry be void.
In 1823, offices were opened in every county north and east of the congressional reservation line fot the appropriation of land remaining vacant. The leading object of the legislature seeems to have been to induce persons to enter all the vacant lands, for the price was fixed at the small sum of twelve and a half cents per acre.. For as the principle of taxation then Stood, land of this inferior value would yield as large a revenue to the State as land of any other description. Another object seems to have been to protect occupants of land in a priority of entry, so as to secure to them their improvements. Both the objects could be obtained by considering the act of 1824 in question, to make void the entry and grant so far only *519 ast bey effected the actual possession of the improver; but to J ... 1 1 make them void entirely would be calculated to defeat the propriation of the vacant land in the State; for in thousands of instances, no doubt, the owners of land already granted, had encroached upon and cultivated beyond the limits of their boundary, the vacant land of the State, sometimes intentionally and sometimes without being aware of it. To have made the grant of the adjoining appropria'tor of vacant land, who may have called for the lines of such owners entirely void because, unintentionally perhaps, including a few roods or a few acres of cultivated land, would have been defeating the main policy of the legislature in disposing of the vacant land, because few could safely enter it. Again, the section in question requires notice only when the land cultivated or resided on is about to be entered; no notice therefore is necessary when the entry is made in very juxtct position with the possession of the improver. He is not by that section protected beyond his actual possession. Why then should the grant be void further than is necessary to protect such actual possession. Again, in 1825, and before the entries in this case were made, which was in 1826, the legislature provided, c 64, “that it should be lawful for any person to enter any vacant and unappropriated land, &c.” paying one cent per acre, &c. and that from 25 to 640 acres might be entered. As no provision is made for the exemption of cultivated land from being entered by that act, it might be argued with some force, that as the improver of vacant land would not pay for it twelve and a half cents to the State, when the price was reduced to one cent per acre, his right of entry as to the cultivated land was on the same footing with that of others. But waiving this consideration, we are of opinion, that the objects and policy of the acts of 1823-4, are better attained by declaring the grant and entry in a case like that before us, void^protanto and not for the whole.
If this opinion needed to be fortified by the authority of precedent, it is very strongly done in the cases of Danforth vs. Wear, 9 Wheat. 673, and Patterson vs. Jenks, 2 Peters’ 236, where grants were held to be void in part and good in part, where portions of them lay wilhin the Indian boundary, *520 jn which case they were declared to be void by the statutes ** * forcible in their terms as that under consideration. Let the judgment be reversed and a new trial be had, when the law will be charged in conformity to this opinion.
Judgment reversed.